Filed 10/25/24  Daniel G. v. Superior Court CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| DANIEL G., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF KINGS COUNTY, <br><br> Respondent; <br><br> KINGS COUNTY HUMAN SERVICES AGENCY, <br><br> Real Party in Interest. | F088609 <br><br> (Super. Ct. No. 23JD0124) <br><br><br> **OPINION** |

-ooOoo-

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Jennifer L. Giuliani, Judge.

Daniel G., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]    Before Franson, Acting P. J., Meehan, J. and Snauffer, J.

Daniel G. (father), petitions for extraordinary relief pursuant to California Rules of Court, rule 8.452. Father seeks review of the juvenile court's August 27, 2024 order setting a hearing pursuant to Welfare and Institutions Code section 366.26.[1] Father asserts that the juvenile court erred in terminating reunification services for Nicole L. (mother), who is not a party here, and asks for a stay of the upcoming section 366.26 hearing on December 17, 2024. We find father lacks standing and deny the petition and request for stay.

## FACTUAL AND PROCEDURAL HISTORY

The subject of this proceeding is I.G. (then 8 months old), who was brought to the attention of the Kings County Human Services Agency (agency) when it received a referral that I.G. and mother resided with a maternal aunt and her boyfriend, who often engaged in domestic violence and violent altercations. The adults were reported to smoke marijuana and consume alcohol throughout the day with I.G. present. Mother had a history of methamphetamine use. The section 300 petition alleged mother failed to adequately supervise I.G. due to mother's unmanaged mental illness. It was further alleged that I.G. had been left without provision for support as father was currently incarcerated with an expected release date of December 2031.

Mother was ordered to receive reunification services. Reunification services for father were denied pursuant to section 361.5, subdivision (b)(12), that he had been convicted of a violent felony; (b)(16), that he was required to register as a sex offender; and (e)(1), that he was incarcerated and providing reunification services would be detrimental to I.G.

The 12-month review hearing report filed on August 16, 2024, recommended services for mother be terminated, due to the agency's continued concerns about mother's

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

2.

ability to adequately care for I.G. and her continued relationship with father, whom she did not think committed the acts which resulted in his conviction and requirement to register as a sex offender. An addendum report filed a few days later on August 21, 2024, stated that mother had been incarcerated due to being charged with possession and transportation of a controlled substance, and allegedly smuggling a controlled substance and drug paraphernalia into prison at father's request.

At the August 27, 2024 hearing, the juvenile court terminated mother's reunification services and set a section 366.26 permanency planning hearing for December 17, 2024.

Father appeals from this order.

## DISCUSSION

### Father Lacks Standing to Challenge Order Terminating Mother's Reunification Services

"Standing to challenge an adverse ruling is not established merely because a parent takes a position on an issue that affects the minor [citation]; nor can a parent raise the minor's best interest as a basis for standing [citation]. Without a showing that a parent's personal rights are affected by a ruling, the parent does not establish standing." (*In re D.S.* (2007) 156 Cal.App.4th 671, 674 (*D.S.*); see Code Civ. Proc., § 902 [only an "aggrieved" party may appeal].) A personal interest in a judgment does not confer standing.

"Although standing to appeal is construed liberally, and doubts are resolved in its favor, only a person aggrieved by a decision may appeal. [Citations.] An aggrieved person, for this purpose, is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision." (*In re K.C.* (2011) 52 Cal.4th 231, 236; *In re Joshua S.* (1986) 186 Cal.App.3d 147, 150 [standing requires a legally cognizable interest, i.e., one must be injuriously affected by a ruling in an immediate, substantial manner, not

3.

merely as a nominal or remote consequence].)  These principles apply with full force in dependency proceedings.  (*K.C.*, at p. 236.)

Father lacks standing to challenge the termination of services for mother on her behalf because his personal rights are not affected by the juvenile court's order doing so. (*D.S.*, *supra*, 156 Cal.App.4th at p. 674.)  In sum, father " 'lacks standing to raise issues affecting another person's interests.' "  (*Ibid*.)

We reject any contention by father that his personal rights were affected because the termination of mother's reunification services resulted in the setting of a section 366.26 hearing.  The setting of a hearing, by itself, does not confer or deny rights to a parent.[2]  Father lacks standing to contest the juvenile court's order terminating mother's reunification services and we lack jurisdiction to consider his claim.  (See *D.S.*, *supra*, 156 Cal.App.4th at p. 674.)

## DISPOSITION

The petition for extraordinary writ is denied, as is father's request for a temporary stay of the December 17, 2024 section 366.26 hearing.

---

[2]    In some cases, a parent does have standing even though the challenged order does not directly affect their personal rights.  However, those cases primarily concern issues regarding placement because resolution of a placement issue may affect the decision to terminate parental rights.  (*In re K.C.*, *supra*, 52 Cal.4th at p. 237.)